

U N I T E D   S T A T E S   D I S T R I C T   C O U R T
D I S T R I C T   O F   N E W   J E R S E Y

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
    **JUDGE**

## LETTER OPINION

September 22, 2008

Patrick Joseph Monaghan, Jr.
Monaghan, Monaghan, Lamb & Marchisio
28 W. Grand Avenue, 2nd Floor
Montvale, NJ 07645
(*Attorney for Plaintiff Lawrence Ritzer and Lou Tesoro*, individually and on behalf of others similarly situated)

Joseph Guardino
Epstein, Becker & Green P.C.
Two Gateway Center, 12th Floor
Newark, NJ 07102-5003
(*Attorney for UBS Financial Services, Inc.*)

    Re:    <u>Ritzer v. UBS Financial Services, Inc.</u>
           <u>Civil Action No. 2:08-CV-01235 (WJM) (MF)</u>

Dear Counsel:

    This matter comes before the Court on Plaintiffs' motion to: (1) conditionally certify this case as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); (2) provide judicial notice to all potential plaintiffs; and (3) require the Defendant UBS Financial Services, Inc. ("UBS") to provide an electronic list of potential plaintiffs and their contact information. As described below, Plaintiffs' motions are **GRANTED**. Parties shall disseminate the attached "Notice of Lawsuit" and "Consent to Join" and Defendant UBS shall produce an electronic list containing the names, last known addresses, and dates of employment of current and former technical support associates employed by UBS within the below specified time period as stated in the accompanying order.

### BACKGROUND

    UBS Financial Services, Inc. ("UBS") has employed named plaintiffs Lawrence Ritzer and Lou Tesoro as technical support associates in UBS's Weehawken, New Jersey office for more than three years. (Decl. of Lawrence Ritzer ("Ritzer Decl."), at 2-4; Decl. of Lou Tesoro ("Tesoro

Decl."), at ¶¶ 2-4).  As members of the Technical Support Group, technical support associates assist UBS personnel from across the country with computer problems.  (Ritzer Decl., at ¶ 5; Tesoro Decl., at ¶ 6).

UBS divides technical support associates into two levels–Level One and Level Two Associates.  (Decl. of Gina Shelton ("Shelton Decl."), at ¶ 6).  UBS further divides Level One Associates into regular Associates and Senior Associates and divides Level Two Associates into Senior Associates and Lead Associates.  (*Id.*).  Between March 2005 and March 2008, UBS employed a total of 75 technical support associates in its Weehawken, New Jersey and Nashville, Tennessee offices or as telecommuters.  (Decl. of Tom Lukasiewicz, at ¶ 3.)  UBS employed 13 Level Two Associates and 62 Level One Associates.  (*Id.*).  Ritzer worked as a Level Two Lead Associate and Tesoro worked as a Level One Associate.

Effective December 30, 2007, UBS implemented a Premium Pay Policy for exempt, non-officers within the Technical Support Group for hours worked in excess of 40 per week.  (Tesoro Decl., Attach., at pg. 1).

On March 10, 2008, Plaintiffs filed suit alleging that over the past three years UBS has employed other "similarly situated" hourly paid technical support associates, who performed the same type of work as Plaintiffs, and regularly worked in excess of 40 hours per week without overtime because of UBS's policy of classifying technical support associates as exempt from the FLSA.

DISCUSSION

The FLSA governs hour and wage practices and requires, among other things, that employers pay covered employees at least a specified minimum wage for work performed and overtime pay for hours worked in excess of forty hours per week.  29 U.S.C. §§ 202, 207.  The FLSA provides a mechanism that allows groups of such employees to proceed together to seek recovery for violations of the act.  Section 216(b) specifically provides:

> An action to recover . . . liability may be maintained against any employer . . . by one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).  A collective action under the FLSA has two stages, namely the conditional certification and notice stage and the final certification stage.  *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F.Supp.2d 493, 496 (D.N.J. 2000).  As part of the first stage, the court must determine, under "a comparatively limited standard," whether or not plaintiffs' proposed collective group consists of similarly situated employees to whom notice should be sent.  *Id.* at 111; *Herring v. Hewitt Assocs., Inc.*, Civ. No. 06-267, 2007 WL 2121693, at *3 (D.N.J. July 24, 2007).  In other words, the first stage requires a finding that: (1) the collective action members are "similarly

situated"; and (2) the members affirmatively consent to join the action. *Hoffman La-Roche v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482, 486 (1989).

**A.    Similarly Situated**

To show that the plaintiff and the other employees are "similarly situated," plaintiffs need not show that his position is identical to the positions of other putative class members. *Sperling v. Hoffman-La Roche*, 118 F.R.D. 392, 405 (D.N.J. 1988), *aff'd.*, *Hoffman La-Roche v. Sperling*, 493 U.S. 165 (1989) (stating that "plaintiffs need show only 'that their positions are similar, not identical,' to the positions held by the putative class members.") (citing *Calabrese v. Chiumento*, 3 F.R.D. 435, 437 (D.N.J. 1944)). Rather, plaintiffs must show "a factual nexus between their situation and the situation of other current and former [employees] sufficient to show that they are similarly situated." *Aquillino v. The Home Depot*, Civ. No. 04-4100, 2006 WL 2583563, at * 2 (D.N.J. Sept. 7, 2006). Courts make this determination by using "a fairly lenient standard" based on minimal evidence before a court. *Morisky*, 111 F.Supp.2d at 497. While some courts require "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan," *id.* at 497, most courts require as a "factual foundation, information about who is in the potential class and the basis for inferring that the potential members are similarly situated." *Armstrong v. Weichert Realtors*, Civ. No. 05-3120, 2006 WL 1455781, at *1 (D.N.J. May 19, 2006). If plaintiffs satisfy the "similarly situated" standard, notice should be sent out to potentially effected employees. *Herring*, 2007 WL 2121693, at *3-4 (noting a stage one finding "establishes nothing more than the right of the plaintiffs to establish a collective action" and "provides for unified trial preparation, prosecution, and defense on what appears to be a single discriminatory decision.").

Here, Plaintiffs provide sufficient evidence showing that they are "similarly situated" to other technical support associates. Plaintiffs sufficiently allege in their complaint and sworn declarations that they worked more than 40 hours per week as technical support associates without compensation because of UBS's decision to classify them as exempt from the FLSA. (Ritzer Decl, at ¶ 8-10; Tesoro Decl., at ¶ 9-10). UBS employs Plaintiffs as technical support associates. Even though Ritzer works as a Level Two Lead Associate and Tesoro works as a Level One Associate, Plaintiffs generally perform the same job functions. They both solve computer problems for UBS employees. (Ritzer Decl., at ¶ 5, 12-13; Tesoro Decl., at ¶ 6, 12-13). UBS's own internal organizational chart supports this interpretation. The organizational chart does not differentiate between various technical support associates; instead, the chart hierarchically differentiates between technical support associates and two levels of Technical Support Group managers. (Ritzer Decl., at Ex. B). UBS also concedes that "Level One Senior Associates generally perform the same functions as Level One Associates," proffering only minor differences between Level One Associates and Level One Senior Associates such as more involvement in training and rotating duty to be on call. (Shelton Decl. ¶ 8). Likewise, UBS notes that "[t]he majority of time spent by Level Two Senior and Lead Associates is related to investigating and resolving issues that have been forwarded to that group, either by a Branch or Home Office user [UBS employees], or  by a Level One Associate or Senior Associate." (Shelton Decl. ¶ 10). While Level Two Associates do have additional job responsibilities, such as training, working with outside vendors to solve problems,

3

and addressing firm wide outages, Level Two Associates are primarily an "escalation" group addressing more complicated computer problems for UBS personnel. (Shelton Decl. ¶ 10-16). The fact that more experienced technical support associates handle more complicated trouble-shooting does not obviate the fact that all technical support associates perform the same general job function–fixing computer problems for UBS personnel. As such, Plaintiffs' pleading, affidavits, and supporting documentation provide a factual basis to infer that the Plaintiffs are "similarly situated" to other technical support associates.

Geographical differences between technical support associates do no preclude granting conditional certification. Plaintiffs are familiar with the duties of technical support associates employed in New Jersey and Tennessee or as telecommuters. Level One and Level Two technical support associates interact when solving escalated issues and receive common training. (Ritzer Decl., at ¶ 11, 14; Tesoro Decl., at ¶ 12, 14-15). UBS does not require employees to work face-to-face since some technical support associates telecommute. (Lukasiewicz Decl. ¶ 4). UBS's organizational chart also fails to distinguish between technical support associates from New Jersey and Tennessee or technical support associates who are telecommuters. (Ritzer Decl., at Ex. B).

The Court is also satisfied that there "are other employees . . . who desire to 'opt-in.'" *Dybach v. Florida Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991). The organizational chart lists 38 technical support associates, (*see* Ritzer Decl., at Ex. B), and UBS notes that since enacting their Premium Pay Policy six technical support associates have submitted requests for overtime, making it likely that prior to the enactment of the Premium Pay Policy other technical support associates worked in excess of forty hours. (*See* Lukasiewicz Decl. ¶ 7; Decl. of Joh Peterson ¶¶ 6-7).

Plaintiffs have "established enough of a factual nexus" between their situation and current and former technical support associates as defined below. Therefore, Plaintiffs' motion to conditionally certify this case as a collective action under the FLSA is **GRANTED**. Parties shall distribute the attached "Notice of Lawsuit" and "Consent to Join" to putative class members as specified below and in the accompanying order.

**B.    Notice Issues**

Following the grant of conditional certification under the FLSA, courts possess broad discretion to provide court-facilitated notice. *See Hoffman-La Roche*, 493 U.S. at 170. After considering the Plaintiffs proposed notice and UBS's amendments to the proposed notice, the Court authorizes the distribution of the attached "Notice of Lawsuit" and "Consent to Join" to current and former employees of UBS who were paid on an hourly basis and who worked at UBS as technical support associates at any time from March 10, 2005 to December 31, 2007, the date UBS enacted its Premium Pay Policy.

UBS's request to preclude certain employees who contractually waived their FLSA rights is denied. Current and former UBS technical support associates signed offer letters stating that they

"waive any right to commence, be a party to or an actual or putative class member of any class or collective action arising out of or relating to [their] employment with the firm." (Decl. of Edward Herban, at ¶ 11). Similarly, two putative class members elected to participate in UBS's Voluntary Separation Program, signing agreements which "represent[ed], warrant[ed] and agree[d]" that they have "been paid and/or ha[ve] received all . . . compensation, . . . . [and] wages (including overtime) . . . to which [they each] may [have] be[en] entitled, . . . and that no . . . wages . . . are due to [them]." (*Id.* at ¶ 11). Since FLSA rights "cannot be abridged by contract or otherwise waived," *Barrenine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740, 101 S.Ct. 1437, 1445 (1981), these provisions do not prevent putative class members from receiving notice of a collective action under the FLSA.

In addition, the Court directs UBS to release the names and last known addresses for current and former technical support associates employed by UBS during the above time frame. Generally, first class mail is sufficient to place putative class members on notice of a collective action. *See Anglada v. Linens 'N Things, Inc.*, Civ. No. 06-12901, 2007 WL 1552511, at *7 (S.D.N.Y. Apr. 26, 2007). Unless notification via first class mail proves insufficient, social security numbers and telephone numbers should not be released. *See Campbell v. Pricewaterhouse Coopers, LLP*, Civ. No. S-06-2376, 2008 WL 2345035, at *3 (E.D. Cal. June 05, 2008).

To ensure that current technical support associates receive notice, the Court directs UBS to send with their pay stubs or paychecks the "Notice of Lawsuit" and "Consent to Join" to current technical support associates who worked during the above specified time period. By sending notice via pay stubs or paychecks, current technical support associates will be put on notice of the collective action, making it unnecessary to conspicuously post the notice on UBS's premise as requested by Plaintiffs.

## CONCLUSION

For the above stated reasons, Plaintiffs' motions to (1) conditionally certify this case as a collective action under the FLSA, (2) provide judicial notice to all potential plaintiffs, and (3) require UBS to provide an electronic list of potential plaintiffs and their contact information are **GRANTED**. Parties shall disseminate the attached "Notice" and "Consent to Join Suit" and Defendant UBS shall produce an electronic list containing the names, last known addresses, and dates of employment for current and former technical support associates employed by UBS within the above specified time period. An appropriate Order, "Notice of Lawsuit," and "Consent to Join" accompany this Letter Opinion.

s/William J. Martini  
**William J. Martini, U.S.D.J.**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE RITZER, AND LOU TESORO, individually and on behalf of other similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>UBS FINANCIAL SERVICES, INC. ,<br><br>    Defendants. | 2:08-CV-1235 (WJM) |

NOTICE OF LAWSUIT

TO:    All persons employed as technical support associates in the Technical Support Group of UBS Financial Services, Inc. at any time between March 10, 2005 and December 30, 2007.

The purpose of this Notice is to inform you of the existence of a lawsuit that may affect your rights and to instruct you on the procedure for participating in this lawsuit, if you wish to do so.

**1. WHAT THE LAWSUIT IS ABOUT**

The lawsuit at issue was filed on March 10, 2008 by Lawrence Ritzer, a UBS Financial Services, Inc. ("UBS") technical support associate who is currently employed in UBS's Weehawken, New Jersey office. Lou Tesoro, another UBS technical support associate joined as a plaintiff in the suit in May 2008. Plaintiffs Ritzer and Tesoro contend that they and other UBS technical support associates regularly worked in excess of forty (40) hours per week but did not receive overtime premiums for that work because of UBS's policy of classifying technical

1

support associates as exempt from the overtime provisions of the Fair Labor Standards Act. Plaintiffs Ritzer and Tesoro allege that UBS's policy is unlawful and that UBS owes its technical support associates overtime premiums for the hours they worked in excess of forty (40) hours per week, as well as an equal amount of liquidated damages, and costs of court and attorneys fees. UBS denies that it owes overtime premiums to its technical support associates.

2.   **YOUR RIGHT TO PARTICIPATE IN THE LAWSUIT**

If you worked as a technical support associate for UBS at any time from **March 10, 2005** to **December 30, 2007**, you may have a right to participate in this lawsuit. If you want to participate, you should complete and mail the attached "Consent to Join" form to the Clerk of the Court at the following address:

> Clerk of Court
> United States District Court for the District of New Jersey
> Martin Luther King, Jr. Federal Building & U.S. Courthouse
> 50 Walnut Street
> Newark, NJ 07101

The form must be received by the Court by **[insert date 60 days after mailing of the Notice]**. If you fail to return the "Consent to Join" within that time, you may not participate in this lawsuit.

3.   **EFFECT OF JOINING THIS CASE**

If you choose to join in this case you will become a plaintiff and you will be bound by any judgment, whether it is favorable or unfavorable. While this suit is proceeding, you may be required to respond to written questions, sit for depositions, and testify in court.

4.   **NO LEGAL EFFECT IN NOT JOINING THIS SUIT**

If you choose *not* to join this lawsuit, you will not be affected by the judgement, favorable or unfavorable, on any of the claims brought under the FLSA that are alleged in this action. If

you do not file a "Consent to Join" form, you will not receive any back overtime wages or other relief from the case if the plaintiffs prevail on their FLSA claims.  Recovery under the FLSA would be obtainable by you *only* if you file your own lawsuit within the time provided by law and you prevail on the claims.  Claims for overtime under the FLSA must be filed, if at all, within two years after a wage violation (or within three years if the violations was willful as defined by law).  Any claims for overtime pay under federal law not filed within these time limits are likely to be denied as untimely.

Choosing *not* to sign and submit a "Consent to Join" form will not affect your eligibility, if any, to recover overtime compensation under state law.

**5.      YOUR LEGAL REPRESENTATION IF YOU JOIN**

If you choose to join the suit, your interests can be represented by the named plaintiffs through their attorneys, as counsel for the proposed class.  Counsel for the proposed class are:

Patrick J. Monaghan, Jr.
Monaghan, Monaghan, Lamb & Marchisio LLP
28 W. Grand Ave.
Montvale, NJ 07645
201-802-9060
pmonaghan@monaghanlawyers.com

Edward Tuddenham
272 W. 107th St. #20A
New York, New York 10025
212-866-6026
etudden@io.com

Tara Bernstein
Getman Law Office
9 Paradies Lane
New Paltz, NY 12561
845-245-9370
tbernstein@getmanlaw.com

You also have the right to join this lawsuit and be represented by counsel of your own choosing. If you do so, your attorney must file an "opt-in" consent form with the Court by **[insert date 60 days after mailing of the Notice]**.

3

6.   **COUNSEL FOR UBS SERVICES, LLC**

The attorney for the Defendant UBS is:

> Joseph D. Guarino
> Epstein Becker & Green, P.C.
> Two Gateway Center, 12th Floor
> Newark, New Jersey 07102
> (973) 642-1900

If you decide to join this case, you should not contact the Defendant's lawyer directly.

7.   **HOW THE PLAINTIFFS' ATTORNEYS ARE PAID**

If you choose to join this action and be represented by the attorneys listed in paragraph 5 you will not have to pay Plaintiffs' attorneys out of your own pocket.  If the Plaintiffs are successful in this case, they will ask the Court to order UBS to pay the reasonable attorneys fees and costs.  Plaintiffs will receive that amount or one-third (1/3) of the total damages recovered for the Plaintiffs, whichever is greater.  If you choose to hire your own attorney, you and your attorney are permitted, but not required, to pay for your legal services in a similar manner.

8.   **NO RETALIATION PERMITTED**

Federal law prohibits UBS from discharging or in any other manner discriminating against you because you "opt-in" to this case, or have in any other way exercised your rights to claim overtime under the Fair Labor Standards Act.

9.   **FURTHER INFORMATION**

Further information about this Notice, the deadline for filing a "Consent to Join", or answers to questions concerning this lawsuit may be obtained by writing, telephoning, or e-mailing the Plaintiffs' counsel at the telephone number and addresses stated in Paragraph 5 above.

**THIS NOTICE HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT JUDGE WILLIAM J. MARTINI.  THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFFS' CLAIM OR OF THE DEFENDANT'S DEFENSES.**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Lawrence Ritzer, and Lou Tesoro, individually and on behalf of other similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>UBS Financial Services, Inc.,<br><br>    Defendants. | 2:08-CV-1235 (WJM) |

## CONSENT TO JOIN

    I hereby consent to participate in the foregoing overtime lawsuit under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs, and other relief arising out of my employment with UBS Financial Services, Inc. ("UBS").  Check *only one* of the two boxes, below:

    ☐    I hereby designate Patrick Monaghan of Monaghan, Monaghan, Lamb & Marchisio, LLP, Tara Bernstein of Getman Law Office, and Edward Tuddenham, their successors and assigns, to represent me in this case.  By signing and returning this consent to sue, I understand that, if accepted for representation, I will be represented by the above attorneys.  I understand that by joining this case, I do not have to pay for the legal services out of my own pocket.  If the plaintiffs are successful, their attorneys will apply to the Court for an award of attorneys fees from UBS.  I agree that, if the action is successful or settles, the attorneys will receive the

awarded attorneys' fees or one-third (1/3) of the total amount recovered from UBS, whichever is greater.

☐   I have retained my own attorney, or prefer to proceed without an attorney.

_____          _____
Signature                                Address

_____          _____
Print name                               City,  State,  Zip Code

_____          _____
Date                                     Telephone

_____
E-mail Address

**PLEASE RETURN THIS FORM IN TIME FOR FILING WITH THE COURT BY [insert date 60 days after mailing of the Notice] TO:**

Clerk of the Court
United States District Court for the District of New Jersey
Martin Luther King, Jr., Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101